UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PATRICK MERRITT VINATIERI,  No. 12-13225

                 Debtor(s).
_____/

Memorandum on Motion to Vacate Dismissal
_____

      Debtor Patrick Vinatieri filed his Chapter 13 petition on December 14, 2012. With some difficulty, he obtained confirmation of a plan on November 12, 2013. However, he quickly fell behind in his obligations under his plan. The court denied his attempt to amend his plan on March 28, 2014, and on June 11, 2014, dismissed this case due to his failure to bring his obligations current. Citing only § 105(a) of the Bankruptcy Code, Vinatieri has moved the court to "vacate" the dismissal, arguing that he now has enough funds to bring his payments current. The court will, one last time, afford Vinatieri some relief, but not the relief he seeks.

      There is no basis for the court to vacate the dismissal. It was made on motion of the Chapter 12 trustee, joined in by a creditor. It was not a mistake, nor was there any inadvertence or other ground to vacate an order. The court gave Vinatieri time to become current in his obligations under his own plan, and he failed to get current. Dismissal was warranted pursuant to § 1208(c)(6) of the Code.

      However, the court will afford Vinatieri one last benefit of the doubt and allow the case to be reinstated if he can actually bring his obligations current. However, the court notes that when the case

1

was dismissed the automatic stay terminated pursuant to § 362(c)(2)(B). Reinstatement of the case does not revive the automatic stay. This means that the only thing keeping creditors from enforcing their rights after reinstatement is the plan itself. If Vinatieri falls behind again, his creditors will be free to enforce their rights unless the court grants Vinatieri extraordinary relief in an adversary proceeding. Vinatieri should not expect that such relief will be lightly granted.

For the foregoing reasons, the court will allow the case to be reinstated if Vinatieri brings his payments under the confirmed plan current. However, the order shall recite that if he again defaults his creditors are free to enforce their rights against him unless the court grants him extraordinary relief in an adversary proceeding.

Dated: July 25, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge